UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LEANNE MACK,

        Plaintiff,

   v.

DEARBORN NATIONAL LIFE INSRUANCE COMPANCY, et al.,

        Defendants.

No. 2:14-cv-1665-KJM-DAD

ORDER

        This matter is before the court on plaintiff's July 15, 2014 motion to seal the complaint and exhibits attached thereto. ECF No. 2. On August 12, 2014, the court issued a minute order directing plaintiff to provide a courtesy copy of the complaint and exhibits under Local Rule 133(f). ECF No. 5. The court has reviewed plaintiff's motion and now DENIES it.

I.    INTRODUCTION

        Plaintiff seeks to seal her complaint and thirty-one exhibits totaling 2578 pages filed in support of the complaint. ECF Nos. 1, 2. The exhibits concern plaintiff's medical and employment records. *Id.* Plaintiff argues in support of sealing based on "various confidentiality guarantees" that include "HIPPA and the federal regulations governing disclosure of IRS records." ECF No. 2 at 2–3. Plaintiff also avers the exhibits "include social-security numbers, birth dates, and financial-account numbers." *Id.* at 2. Plaintiff argues that, "[w]hile the exhibits

1

may be redacted, reference to much of this information will be necessary in pursuit of Plaintiff's claim" and "therefore wishes to Seal those documents which may potentially reveal information protected by statute and case law." *Id.*

The Local Rules of the Eastern District of California provide that "[d]ocuments may be sealed only by written order of the Court." L.R. 141(a). A request to seal "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." *Id.* 141(b).

There is a strong presumption in favor of public access to court records. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has distinguished between the public's interest in accessing court records filed in connection with nondispositive and dispositive motions. *See Phillips*, 307 F.3d 1206; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003); *Kamakana*, 447 F.3d at 1172; *In re Midland Nat'l Life Ins. Co.*, 686 F.3d 1115, 1119 (9th Cir. 2012). "Under the Ninth Circuit's jurisprudence in *Kamakana*, a request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard and not the 'good cause' standard." *In re NVIDIA Corp. Derivative Litig.*, C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) (citing *Kamakana*, 447 F.3d at 1172). To demonstrate compelling reasons, a party is "required to present articulable facts identifying the interests favoring continued secrecy and to show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1181 (internal citations, quotation marks, and emphasis omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman*

2

1    *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and
2    citation omitted).  "The mere fact that the production of records may lead to a litigant's
3    embarrassment, incrimination, or exposure to further litigation will not, without more, compel the
4    court to seal its records." *Kamakana*, 447 F.3d at 1179.

5    Here, plaintiff seeks blanket sealing of more than 2500 pages of documents,
6    arguing in favor of sealing based on a general right of privacy of information contained in
7    financial and employment records.  While courts have recognized a person's privacy interest in
8    personal records, a generalized assertion of a privacy interest is not sufficient to warrant barring
9    disclosure of a judicial record. *Kamakana*, 447 F.3d at 1184 ("Simply mentioning a general
10   category of privilege [such as privacy], without any further elaboration or any specific linkage
11   with the documents, does not satisfy the burden" to show compelling reasons to seal information
12   from public access.).  Indeed, plaintiff fails to identify which exhibits are privileged or protected,
13   or set forth a satisfactory reason for the court to grant an order sealing them. *See Tischer Co. v.*
14   *Robertson Stevens, Inc.*, No. C 06–2372 SBA, 2007 WL 3287846, at *2 (N.D. Cal. Nov. 5, 2007)
15   (denying plaintiff's motion to seal as not "narrowly tailored" where plaintiff had not identified
16   specific documents that were privileged or protectable to be sealed and instead simply moved to
17   seal the entire case file).  Plaintiff also fails to explain why some or all of the exhibits should not
18   be redacted in accordance with Local Rule 140 rather than sealed. *See* ECF No. 2 at 2
19   (recognizing the "exhibits may be redacted" but stating in a conclusory fashion sealing is
20   "necessary in pursuit of Plaintiff's claim").

21   To the extent plaintiffs rely on "HIPPA and the federal regulations governing
22   disclosure of IRS records," ECF No. 2 at 2–3, for the proposition these regulations protect
23   plaintiff's right to privacy, this argument also fails. *See also Kamakana*, 447 F.3d at 1178
24   (rejecting claim that documents relating to "official information privileges" are categorically
25   exempt from the compelling interest test).  Plaintiff again fails to identify which exhibits are
26   covered by a particular regulation or cite to any specific authority supporting sealing of certain
27   exhibits.  The court will not undertake a detailed examination of plaintiff's 2578 pages of
28   documents to ascertain which of the general regulations plaintiff cites apply to each individual

1  exhibit. *Tischer Co.*, 2007 WL 3287846, at *2 (denying sealing because plaintiff failed to "offer
2  any compelling reasons why documents in [the] case should be sealed, other than a vague
3  invocation of the general right to privacy . . .").
4          Because plaintiff fails to meet the requirement that a party make a particularized
5  showing that demonstrates a sufficient basis for sealing, plaintiff's motion is denied.
6  II.    CONCLUSION
7          For the reasons set forth above, IT IS HEREBY ORDERED that:
8          1. Plaintiffs' request to seal the complaint and exhibits is denied.
9          2. The Clerk of the Court "will return to the submitting party the documents for
10 which sealing has been denied," L.R. 141(e)(1), and any electronically transmitted documents are
11 deemed returned, *United States v. Chanthaboury*, No. 2:12–cr–00188–GEB, 2013 WL 6404989,
12 at *2 (E.D. Cal. Dec. 6, 2013).
13         3. Within five (5) days from the date of this order, plaintiff shall file the complaint
14 and any exhibits in support thereof in accordance with this order. Any redactions of personal data
15 identifiers must be in compliance with Local Rule 140.
16         IT IS SO ORDERED.
17 Dated: August 25, 2014.

                                          UNITED STATES DISTRICT JUDGE